United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 8, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30108
Summary Calendar
_____

BENNIE E. HUNTER,

Plaintiff-Appellant,

versus

DANOS & CUROLE MARINE
CONTRACTORS, L.L.C.; ET AL.,

Defendants,

EXXON MOBIL CORPORATION,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 02-CV-848-F
--------------------

Before SMITH, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Bennie E. Hunter (Hunter) appeals from the district court's order granting summary judgment to Exxon Mobil Corporation (Exxon). Hunter alleges that Exxon is liable for his injuries sustained while working on an offshore drilling platform that is owned in part and operated by Exxon. Hunter was employed by an independent

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contractor hired by Exxon to perform ongoing maintenance work on the drilling platform.

We have reviewed the record and the district court's opinion and find no error. Exxon did not control the activity in which Hunter was engaged when he was injured. See <u>Redinger v. Living, Inc.</u>, 689 S.W.2d 415, 418 (Tex. 1985). Hunter's accident was not caused by Exxon's negligence or hidden premises defects on the Hoover-Diana platform. See <u>Shell Chem. Co. v. Lamb</u>, 493 S.W.2d 742, 746-47 (Tex. 1973). Consequently, Exxon is not liable for Hunter's injuries as a matter of law. See <u>Thomas v. Internorth, Inc.</u>, 790 F.2d 1253, 1255 (5th Cir. 1986).

AFFIRMED.